```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED VAN LINES, LLC,

                       Plaintiff,
                                                    REPORT AND
       -against-                                    RECOMMENDATION
                                                    CV 07-5013 (DRH) (ARL)
CRYE-LEIKE, INC., et al.,

                       Defendants.
----------------------------------------------------------------X
```
**LINDSAY, Magistrate Judge:**

This matter was referred to the undersigned by District Judge Hurley for the purpose of issuing a report and recommendation as to the amount of damages and attorneys' fees to be awarded to plaintiff United Van Lines, LLC ("UVL") following the entry of a default judgment against defendant Ricardo Pineda ("Pineda"). On February 13, 2009, the undersigned ordered that the damages inquest be deferred until UVL has made an adequate showing that this court has federal subject matter jurisdiction (the "February 13 Order"). On February 23, 2009, UVL submitted a supplemental affidavit with attached exhibits. For the reasons given below, the undersigned respectfully recommends that UVL has made a sufficient showing that this court has federal subject matter jurisdiction, and that judgment be entered against Pineda in the amount of $14,124.41.

## DISCUSSION

A more complete description of the procedural history of this action is contained in the February 13 Order. In pertinent part, UVL claims that Pineda and others violated the ICC Termination Act of 1995 ("ICCTA"), 49 U.S.C. §§ 13701, *et seq*. On April 28, 2008, District Judge Hurley so-ordered a stipulation and order of settlement that required Pineda to make settlement payments starting on July 15, 2008, in the total amount of $10,326.85. However,

UVL did not receive any payments pursuant to the agreement and moved for a default judgment. On August 20, 2008, the Clerk of the Court entered a notation of default and on October 9, 2008, District Judge Hurley entered a default judgment against Pineda. At the undersigned's direction, UVL filed an affidavit of Lee W. Chang in support of damages against Pineda in the amount of $13,955.66, constituting $10,326.86 in unpaid principle, $636.81 in pre-judgement interest and $2,992.00 in attorneys' fees. Pineda was given the opportunity but has not submitted any objections to the amount being sought by UVL.

## I. Subject Matter Jurisdiction

As described in the February 13 Order, federal question jurisdiction exists under the ICCTA when a plaintiff seeks to recover unpaid fees for the transportation of household goods in connection with a published rate. Thus, the undersigned ordered UVL to make a showing that its contract with Pineda was made pursuant to a published rate. UVL submitted a supplemental affidavit of Thomas E. Nottelmann, a UVL employee, as well as the pertinent Bill of Lading signed by Pineda. The Bill of Lading incorporated a separate contract with defendant Crye-Leike, Inc., which was submitted to the court as well. Both the Bill of Lading and the incorporated contract specifically and prominently make reference to UVL's published tariffs. Having examined these documents and UVL's supplemental affidavit, the undersigned finds that UVL has met its burden in showing that this court has federal question jurisdiction pursuant to the filed rate doctrine. *See Del. & Hudson Ry. Co., Inc. v. Offset Paperback Mfrs., Inc.*, 126 F.3d 426, 427-28 (2d Cir. 1997) (citing *Thurston Motor Lines, Inc. v. Rand*, 460 U.S. 533, 534-35 (1983); 49 U.S.C. §§ 10761-62).

## II. Damages

"A trial court has inherent power to enforce summarily a settlement agreement when the terms of the agreement are clear and unambiguous." *Sheet Metal Workers' Nat'l Pension Fund v. Jersey Sheet Metal Works, Inc.*, No. 07-CV-0131(FB)(ARL), 2009 WL 150927 at *1 (E.D.N.Y. Jan. 21, 2009) (quoting *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 444 (2d Cir. 2005) (also citing *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974)). The executed settlement agreement between UVL and Pindea is clear and unambiguous: it requires that Pineda make payments totaling $10,326.85, and that in the event Pineda fails to make such payments UVL may seek a final default judgment in this amount. The agreement also provides that, should a default judgment be entered, than UVL is entitled to "interest computed from the date of the default, in addition to UVL's reasonable attorney's fees and costs incurred in enforcing [the agreement]." (Docket Entry 31, Ex. 2 at 3.) Pineda has not raised any objections regarding the validity of the settlement agreement nor the allegations contained in the complaint. Pineda's silence thus constitutes an admission of all well-pleaded factual allegations. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993). Accordingly, the undersigned finds that there is a proper basis to award UVL damages in the amount of $10,326.85.

UVL also seeks prejudgment interest pursuant to the settlement agreement. Although the agreement is silent as to the rate of interest to award UVL in the event of a breach, UVL seeks interest at the rate of 4.83% beginning on July 30, 2007. It is unclear how UVL arrives at this particular rate, but New York law applies to this question and provides for prejudgment interest under a stipulated settlement agreement at the rate of 9% computed from the date that the breach of the agreement occurred. *See Ramnarain v. City of New York*, 474 F. Supp. 2d 443, 447

(E.D.N.Y. 2007) (citations omitted). Because UVL seeks interest at a rate below that which it is legally entitled, the undersigned finds that there is a legal basis to award UVL interest at the rate of 4.83% beginning on July 30, 2008. Accordingly, the undersigned finds that UVL is entitled to prejudgment interest at the rate of $1.37 per diem, for a total of $805.56 as of today's date.[1]

Finally, UVL seeks $2,992.00 in attorneys' fees incurred in enforcing the settlement agreement with Pineda. In support of this amount, UVL's counsel submitted its contemporaneous time records. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983) (requiring any party seeking attorneys' fees to submit contemporaneous time records). The undersigned has reviewed these records and notes that counsel has only included those tasks expended to enforce the settlement agreement, as opposed to tasks involved in pursuing claims against other defendants in this action. Further, the undersigned finds that the amount sought is presumptively reasonable considering the case-specific variables in this action, including the work spent drafting a number of documents. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). Accordingly, the undersigned finds that there is a sufficient basis to award UVL attorneys' fees in the amount of $2,992.00.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that judgment be entered against Pineda in the amount of $14,124.41, including $10,326.85 in damages, $805.56 in prejudgment interest and $2,992.00 in attorneys' fees. A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for UVL shall serve a

---

[1] This amount is greater than the amount sought in the affidavit of Lee W. Chang due to the pendency of the foregoing damages inquest.

4

copy of this Report and Recommendation, together with a copy of the February 13 Order and UVL's February 23, 2009 correspondence to the court, upon Pineda at his last-known address and shall file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); FED. R. CIV. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       March 10, 2009

                                                  _____/s_____
                                                  ARLENE ROSARIO LINDSAY
                                                  United States Magistrate Judge