```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED VAN LINES, LLC,
```
**ORDER**
07-CV-5013 (DRH) (ARL)

        Plaintiff,

  -against-

CRYE-LEIKE, INC., et al.,

        Defendants.
```
----------------------------------------------------------------X
```
**HURLEY, Senior District Judge:**

  On October 9, 2008, this Court granted Plaintiff's motion for an entry of default against Defendant Ricardo Pineda ("Pineda") in the above-captioned case, and referred the matter to U.S. Magistrate Judge Arlene R. Lindsay, pursuant to 28 U.S.C. § 636(b)(3), for a report and recommendation as to damages and attorney's fees. On March 10, 2009, Judge Lindsay issued a Report and Recommendation that Plaintiff be awarded a total of $14,124.41, including $10,326.85 in damages, $805.56 in prejudgment interest, and $2,992.00 in attorneys' fees. In calculating prejudgment interest, Judge Lindsay noted that Plaintiff sought interest at the rate of 4.83% beginning on July 30, 2007. Because Plaintiff sought interest at a rate below that which it is legally entitled, Judge Lindsay found "that there is a legal basis to award [Plaintiff] interest at the rate of 4.83% beginning on July 30, 2008." (Report at 4.)

  On March 11, 2009, Defendant was served with a copy of the Report and Recommendation and to date has not filed any objections thereto. On March 12, 2009, Plaintiff filed a letter requesting that the Court apply the federal interest rate of 4.83% beginning on July 30, 2007, noting that Judge Lindsay's Report referenced the starting accrual date as July 30, 2008 instead of July 30, 2007.

Federal Rule of Civil Procedure 72(b) provides that when a magistrate judge issues a report and recommendation on a matter "dispositive of a claim or defense of a party," the district court judge shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made. Fed. R. of Civ. P. 72(b). Accordingly, the Court applies de novo review to those portions of the Report to which objections were raised. *See id.* The Court reviews those portions to which no objections have been filed for clear error. *See, e.g.*, *Kenneth Jay Lane, Inc. v. Heavenly, Apparel Inc.*, No. 03 CV 2132, 2006 WL 728407, at *1 (S.D.N.Y. Mar. 21, 2006).

After conferring with Judge Lindsay, and reviewing her calculations, it appears that reference to the July 30, 2008 accrual date was merely a typo, and that her calculations are correct when a July 30, 2007 accrual date is substituted therefor. In addition, the Court has reviewed the remainder of the Report and Recommendation for clear error, and finding none, now concurs in both its reasoning and its result. Accordingly, this Court adopts the March 10, 2009 Report and Recommendation of Judge Lindsay as if set forth herein, substituting July 30, 2007 as the accrual date for pre-judgment interest. However, one issue remains before this Court can enter judgment against Pineda.

Plaintiff has ongoing claims against another defendant, viz. Douglas Adair ("Adair"), and has filed a motion for summary judgment against Adair which is presently pending before the Court. Federal Rule of Civil Procedure 54(b) provides that "a court may direct entry of a final judgment as to one or more, but fewer than all . . . parties only if the court expressly determines that there is no just reason for delay." If Plaintiff seeks to proceed with its request for judgment against Pineda at this stage of the litigation, as opposed to deferring until the claims against Adair have been

resolved, Plaintiff shall submit a letter brief, on or before December 4, 2009, explaining why this Court should conclude that "there is no just reason to delay" pursuant to Rule 54(b).

**SO ORDERED.**

Dated: Central Islip, N.Y.
      November 18, 2009                   /s/
                                                Denis R. Hurley,
                                                United States District Judge